39 F.3d 1183
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert WILLEY and Sherry Willey, Defendants-Appellants,
Brookridge Apartments, Ltd., et al.; Tiffany Square, Ltd.,
et al.; Rivergate Associates, Ltd., et al., Defendants.
 Nos. 93-6056 to 93-6058.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1994.
 
 On Appeal from the United States District Court, for the Middle District of Tennessee, Nos. 91-00406, 91-00405 and 91-00404; Thomas A. Wiseman, Jr., Judge.
 M.D.Tenn.
 AFFIRMED.
 Before: MARTIN, NELSON and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 In these consolidated appeals, defendants, Robert Willey and Sherry Willey, contend that the district court violated the automatic stay provision of the bankruptcy code, 11 U.S.C. Sec. 362, when it entered judgments against them.
 
 
 2
 On December 28, 1992 the district court, by a notation in the margin of the government's motions for summary judgment, granted partial summary judgment against defendants in each of three pending cases. The court observed in its marginal notations that no response had been filed by defendants to the government's motions. Judgments satisfying the requirements of Federal Rules of Civil Procedure 54 and 58 were not filed at this time. On December 23, defendants had filed with the district court notice that they had filed a Chapter 7 bankruptcy petition on December 8, 1992. Apparently, the notice had not been brought to the district judge's attention by December 28.
 
 
 3
 On January 26, 1993, defendants asked the court to vacate its rulings on the basis that they were entitled to the automatic stay. On March 4, 1993, the district court denied that relief after an "Agreed Order" from the bankruptcy court had been filed in the district court, which stated that the government "should be granted relief from the stay to pursue these judgments in U.S. District Court, with the exception that the movant [the government] agrees not to seek garnishment or execution against assets of this estate if and when judgments are obtained without further order of the Court."
 
 
 4
 Then, on July 12, 1993, the district court entered final judgments in each case, pursuant to Federal Rule of Civil Procedure 54(b), granting money judgments to the government.
 
 
 5
 If the action of the district court on December 28, 1992 violated the automatic stay, the action at most was rendered voidable, in the sense that it could be cured or validated by a subsequent lifting of the stay. See Easley v. Pettibone, Corp., 990 F.2d 905, 909-10 (6th Cir.1993). Furthermore, even after the stay was lifted, defendants failed to file any opposition based upon the merits of the government's motions for summary judgment. With the cases in that posture, the district court was warranted in entering final judgments against defendants nearly five months after the stay had been lifted.
 
 
 6
 For the foregoing reasons, the final judgments entered by the district court in each of the three underlying actions are affirmed.